IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| BMG MUSIC, a New York general partnership; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; PRIORITY RECORDS LLC, a California limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; and WARNER BROS. RECORDS INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>MATT CICHOS, MARCIA CICHOS,<br><br>    Defendants. | Civ. No.: 0:05-cv-02213-MJD-AJB<br><br>**JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION** |

The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties,

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiffs have alleged that Defendants distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501. Without admitting or denying liability, Defendants have not contested Plaintiffs' allegations, and have acknowledged that such conduct is wrongful.

    2.      Defendants shall pay to Plaintiffs in settlement of this action the sum of $8555.00.

    3.      Defendants shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $455.00.

    4.      Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

        a)      using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

        b)      causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendants, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendants and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by

Defendants have downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendants, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendants' possession, custody, or control.

5. Defendants irrevocably and fully waive notice of entry of the Judgment and Permanent Injunction, and understand and agree that violation of the Judgment and Permanent Injunction will expose Defendants to all penalties provided by law, including for contempt of Court.

6. Defendants irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendants of any right under federal copyright law or state law occurring after the date Defendants execute the Stipulation to Judgment and Permanent Injunction.

8. Defendants shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

9. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

DATED: December 23, 2005

s / Michael J. Davis
Hon. Michael J. Davis
United States District Judge